UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **PHILIP COLIN WORBEY &** ) <br> **AGNES SNEDDON WORBEY** ) <br>     *Plaintiffs* ) <br> v.                                                       ) <br>                                                          ) <br> **THE LAW OFFICES OF WORDEN** ) <br> **AND ASOCIADOS, LLC and** ) <br> **SANJAY PATEL** ) <br>     *Defendants* ) | Case No: _____ |

_____

**COMPLAINT FOR DAMAGES**

Plaintiffs, Mr. Philip Colin Worbey and Ms. Agnes Sneddon Worbey ("Plaintiffs"), hereby file this Complaint for Damages against Defendants, The Law Offices of Worden & Asociados, LLC, ("Defendant W&A") and Sanjay Patel, Esq., individually ("Defendant Patel") (collectively "Defendants"), and as grounds for and in support thereof states as follows:

**PARTIES**

1.

Plaintiff Philip Colin Worbey is a Florida resident that all times material hereto resided at 1211 East New Haven Avenue, Apt. 901, Melbourne, Florida 32901. Mr. Worbey is a citizen of Florida.

1

2.

Plaintiff Agnes Sneddon Worbey is a Florida resident that all times material hereto resided at 1211 East New Haven Avenue, Apt. 901, Melbourne, Florida 32901. Ms. Worbey is a citizen of Florida.

3.

Defendant W&A is a Georgia limited liability company, established under the laws of the state of Georgia. During at all times material hereto, it operated as a law firm with its principal business located at 2675 Paces Ferry Road, SE, Suite 270, Atlanta, Georgia 30339. Defendant W&A's last known registered agent is Sanjay Patel with a physical address at this same location. To the extent Defendant W&A no longer maintains a registered agent at this location, service of process may be perfected by serving the Georgia Secretary of State, pursuant to O.C.G.A. §§ 9-11-4(e)(1)(A) and 14-11-209(f). Alternatively, Defendant W&A may be served upon its last known registered agent, Sanjay Patel, at 1851 Saint Stephens Road, Mobile, AL 36617, which is the address Defendant W&A has listed with the State Bar of Georgia.

4.

Defendant W&A had one member at the time of the filing of this Complaint: Defendant Sanjay Patel. Defendant Sanjay Patel is an individual who is a citizen of

the State of Georgia and domiciled in the State of Georgia. Therefore, Defendant W&A is a citizen of the State of Georgia.

5.

Defendant Patel is a licensed Georgia attorney who is domiciled in and a citizen of the state of Georgia. Defendant Patel may be served at his last known place of business located at 2675 Paces Ferry Road, SE, Suite 270, Atlanta, Georgia 30339. Alternatively, Defendant Patel may be served at 1851 Saint Stephens Road, Mobile, AL 36617, which is the address Defendant Patel has listed with the State Bar of Georgia.

6.

AMS Energy, Ltd. ("AMS Energy"), a non-party to this action was a corporation that operated its business at a location believed to be 127 Whiting Street, Suite 1, El Segundo, California 90245 at the time that the Escrow Agreement was entered into.

**JURISDICTION & VENUE**

7.

This is an action for damages in excess of the jurisdictional minimum of this Court. As such, the amount in controversy exceeds the sum of $75,000.00 exclusive of interest, costs and attorney's fees, and there is complete diversity between Plaintiffs and Defendants.

8.

Federal subject matter jurisdiction exists in this action pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds the sum of $75,000.00 and there is complete diversity between Plaintiffs and Defendants.

9.

Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions given rise to the claim occurred in this district and because the causes of action constituting the basis for this Complaint occurred in the State of Georgia.

10.

Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) as Defendant Patel resides in the judicial district for which this action was brought.

11.

Venue is proper pursuant to 28 U.S.C. § 1391(c)(2) as Defendant W&A is subject to this Court's personal jurisdiction.

12.

Venue is also proper in this district because the acts, conduct and transactions complained of herein occurred in substantial part in this district. Defendant W&A at all material times hereto, held its principal place of business in Fulton County, Georgia. The monetary amounts subject to this action were deposited and improperly

disbursed by Defendants operating business in and located in Fulton County, Georgia.

13.

Defendant Patel is subject to personal jurisdiction in the State of Georgia as Defendant Patel resides in and conducts continuous and systematic business activities in the State of Georgia.

14.

All conditions precedent to bringing this action have either been waived or met.

## STATEMENT OF FACTS

15.

AMS Energy, LTD approached Plaintiffs with a business opportunity consisting of Plaintiffs providing AMS Energy, LTD with a capital infusion for a project that AMS Energy, LTD was seeking to undertake.

16.

Resulting therefrom, Plaintiffs entered a contract consisting of the original escrow agreement with AMS Energy, LTD and Derrick Stephens acting as its representative and Defendant W&A and Sanjay Patel, Esq. acting in the capacity of the Escrow Agent pursuant to terms of the contract.

17.

Pursuant to the terms of the Escrow Agreement entered by the parties, Plaintiffs deposited three hundred and fifty thousand dollars ($350,000.00) into escrow for the purposes of capital participation pursuant to the Escrow Agreement. [*See* Exhibit A, Wire Transfer Confirmation].

18.

Pursuant the terms of the Escrow Agreement in no uncertain terms, Defendant W&A and Defendant Patel were required to maintain and safeguard the escrow funds deposited by Plaintiffs, consisting of three hundred and fifty thousand dollars ($350,000.00) through the entirety of the duration set forth in the Escrow Agreement and return escrow funds to the Plaintiffs.

19.

Pursuant the terms of the Escrow Agreement in no uncertain terms, Defendant W&A and Defendant Patel were to disperse the escrow funds deposited by Plaintiffs to **Plaintiffs and only to the Plaintiffs** upon the occurrence of the conditions set forth in the Escrow Agreement.

20.

On May 14, 2020, Plaintiffs transferred the designated escrow funds to the trust account maintained and used by Defendant W&A and Defendant Patel trust account via wire transfer. [*See* Exhibit A, Wire Transfer Confirmation].

21.

In exchange, pursuant to the Escrow Agreement upon close of escrow, the Escrow Agent was required [1] to disperse the original investment return consisting of three hundred and fifty thousand dollars ($350,000.00), [2] disperse the investment return consisting of fifty-two thousand and five hundred dollars ($52,500.00), and [3] Plaintiffs were designated as party in first position for payment and was to receive payment prior to any other parties.

22.

Following the original Escrow Agreement, an addendum was entered into modifying the original Escrow Agreement ("First Escrow Extension") that again designated Defendant W&A and Defendant Patel as Escrow Agent.

23.

Pursuant to the First Escrow Extension, AMS Energy was required pay an additional thirty-two thousand dollars ($32,750.00) to Plaintiffs on or before September 10, 2020.

24.

Pursuant to the original Escrow Agreement and the First Escrow Extension, Defendant W&A and Defendant Patel was required to return three hundred and fifty thousand dollars ($350,000.00) in escrow funds provided by Plaintiffs pursuant to the original Escrow Agreement.

25.

On September 1, 2020, the original Escrow Agreement was extended again ("Second Escrow Extension"), and the designated Escrow Agent listed was Defendant W&A and Defendant Patel.

26.

Pursuant to the Second Escrow Extension, Defendant W&A and Defendant Patel were required to pay the Plaintiffs all funds and interest designated in the original Escrow Agreement and First Escrow Extension within forty-eight (48) hours after September 10, 2020.

27.

Accordingly pursuant to the original Escrow Agreement, the First Escrow Extension, and the Second Escrow Extension — Defendant W&A and Defendant Patel were required to disperse the following amounts to Plaintiffs within forty-eight (48) hours after September 10, 2020.

a. Three Hundred and Fifty Thousand dollars ($350,000.00) pursuant to the original Escrow Agreement, pg. 2, ¶5.

b. Thirty-two thousand dollars ($32,750.00) pursuant to the First Escrow Extension, pg. 2, ¶1.

28.

Pursuant to the original Escrow Agreement, the First Escrow Extension, and the Second Escrow Extension — Defendant W&A and Defendant Patel failed to

disperse the escrow funds consisting of three hundred and fifty thousand dollars ($350,000.00) to Plaintiffs within forty-eight (48) hours after September 10, 2020.

29.

Pursuant to the terms of the Escrow Agreement and its accompanying addendums, Defendant W&A and Defendant Patel were required to retain and safeguard the escrows funds maintained in Defendant W&A and Defendant Patel's trust account.

30.

At all material times, Defendant W&A and Defendant Patel continued to represent to Plaintiffs that Defendants would act in accordance with the original Escrow Agreement and its extensions. [*See* Exhibit B, SMS Communications].

31.

Inexplicably, Defendant W&A and Defendant Patel disbursed the escrow funds to AMS Energy, LTD and/or an unauthorized party.

32.

Resulting therefrom, Plaintiffs have suffered substantial monetary damages, including but not limited to all escrow funds deposited as well as the amounts contracted pursuant to the original Escrow Agreement and the subsequent addendums.

33.

Despite Defendant W&A and Defendant Patel's knowledge that the escrow was to be returned to the Plaintiffs, Defendants have failed to return the escrow funds.

34.

Plaintiffs now bring this action for damages resulting from Defendants failure to return the escrow funds.

35.

Plaintiffs have retained the law firm of Hungeling Rubenfield Law to represent their interests in these proceedings and have obligated themselves to pay said law firm reasonable attorneys' fees and court costs.

## COUNT I
### BREACH OF CONTRACT

36.

Plaintiffs reallege and reincorporate paragraphs 1-35 as if fully set forth herein.

37.

The Escrow Agreement and its addendums constitute a valid and enforceable agreement between Plaintiffs and Defendants.

38.

Pursuant to the Escrow Agreement, Plaintiffs were required to deposit three hundred and fifty dollars ($350,000.00) into the trust account maintained and/or utilized by Defendants.

39.

On May 14, 2020, Plaintiffs transferred the designated escrow funds to the trust account maintained and/or utilized by Defendants via wire transfer in accordance with the Escrow Agreement.

40.

Pursuant to the Escrow Agreement, Defendants were obligated to keep and safeguard the funds in escrow located in Defendant's trust account through the entirety of the time designated by the Escrow Agreement.

41.

At no point were Defendants to disburse the escrow funds to AMS Energy, Ltd or to any other party other than the Plaintiffs.

42.

In contravention of the contractual terms of the original Escrow Agreement, Defendants inexplicably and improperly dispersed escrow funds AMS Energy, Ltd. and/or to other unauthorized individuals in a direct contravention of the terms of the Escrow Agreement.

43.

Defendants' improper disbursement of the escrow funds was a violation of the contract terms of the Escrow Agreement.

44.

Defendants breached the Escrow Agreement by wrongfully disbursing the escrow funds to AMS Energy, Ltd and/or to another party other than Plaintiffs.

45.

Defendants further breached the contract by failing to disburse the escrowed funds ($350,000) and contracted for additional consideration pursuant to the First Escrow Extension ($32,750) to Plaintiffs within forty-eight (48) hours after September 10, 2020.

46.

Defendants' breach of the Escrow Agreement was egregious, willful and was not the result of any good faith action by Defendants.

47.

As a result of Defendants' willful and malicious breach of the Escrow Agreement Plaintiffs were damaged in an amount of at least $382,750.

## COUNT II
### BREACH OF FIDUCIARY DUTY AND BREACH OF TRUST

48.

Plaintiffs re-allege and incorporate paragraphs 1 - 35 as if fully set forth herein.

49.

Pursuant to the Escrow Agreement, the Plaintiffs consented to Defendants being a designated escrow agent for the purposes of the Escrow Agreement.

50.

Pursuant to the Escrow Agreement, Defendants were expressly provided with the authority to accept the escrow funds, to hold the escrow funds in trust for the mutual benefit of the parties and disperse the escrow funds *to only the Plaintiffs*.

51.

Defendants owed a fiduciary duty to the parties to the contract, which included the Plaintiffs. Defendants were legally obligated to handle the escrow funds accordingly and to only disperse the escrow funds *to the Plaintiffs*.

52.

Defendants breached their fiduciary duty to Plaintiffs by inexplicably and improperly dispersing escrow funds to AMS Energy, Ltd. and/or to other unauthorized individuals in contravention of the Escrow Agreement.

53.

Defendants breached their fiduciary duty to Plaintiffs by failing to safeguard and hold in trust the escrow funds deposited until the disbursement was triggered *and the funds were to be provided to Plaintiffs*.

54.

Defendants' breach of fiduciary duty and breach of trust caused damages to Plaintiffs. As a result, Plaintiffs are entitled to damages of at least $350,000 plus interest and other remedies under O.C.G.A. § 53-12-300 *et. seq.*

## COUNT III
### GROSS NEGLIGENCE
### (ALTERNATIVE TO COUNT I)

55.

This count is asserted in the alternative to Plaintiffs' counts for Breach of Contract against Defendants.

56.

Plaintiffs re-allege and incorporate paragraphs 1 - 35 as if fully set forth herein.

57.

Defendants as designated escrow agent for the transaction contemplated between Plaintiffs and AMS Energy, Ltd. undertook a duty to perform certain

responsibilities in connection with the escrow funds, the escrow funds safeguarding, and the proper distribution of the escrow funds.

58.

Defendants' duty and role as escrow agent for the contemplated transaction created a duty of care owed to Plaintiffs. Specifically, Defendants were obligated to abide by the standards of care required care required by an escrow agent.

59.

By improperly releasing the escrow funds to the incorrect party, Defendants materially breached their duty as an escrow agent and failed to satisfy even the minimal standard of care necessary for an escrow agent.

60.

Defendants' conduct was so reckless as to constitute a conscious disregard for or indifference to Plaintiffs' legals rights unequivocally amounting to gross negligence.

61.

As a direct and proximate result of Defendants' gross negligence, Plaintiffs have been substantially damaged.

## COUNT IV
### CONVERSION

62.

Plaintiffs re-allege and incorporate paragraphs 1 – 35 as if fully set forth herein.

63.

On May 14, 2020, Plaintiffs wire-transferred the designated escrow funds consisting of three hundred and fifty thousand dollars ($350,000.00) to the trust account maintained and utilized by Defendants. [*See* Exhibit A, Wire Transfer Confirmation].

64.

Plaintiffs as the depositor of the escrow funds were the unequivocal owner of the property and continued to be at all material times pursuant to the Escrow Agreement.

65.

Pursuant to the Escrow Agreement, Defendants were obligated to keep and safeguard the escrow funds in escrow located in Defendants' trust account through the entirety of the time designated by the Escrow Agreement.

66.

Pursuant to the Escrow Agreement, upon close of escrow, the Escrow Agent was required to disperse the original investment return consisting of three hundred and fifty thousand dollars ($350,000.00) directly to Plaintiffs.

67.

Pursuant to the original Escrow Agreement, the First Escrow Extension Addendum, and the Second Escrow Extension, Defendants failed to disperse the escrow funds consisting of three hundred and fifty thousand dollars ($350,000.00) to Plaintiffs within forty-eight (48) hours after September 10, 2020.

68.

After Defendants' failure to comply with the terms of the Escrow Agreement, Plaintiffs demanded return of the escrow funds consisting of three hundred and fifty thousand dollars ($350,000.00).

69.

Despite Plaintiffs demands, Defendants have continued to refuse to surrender Plaintiffs' escrow funds consisting of three hundred and fifty thousand dollars ($350,000.00) placed in Defendants' trust account.

70.

Defendants converted Plaintiffs' property by improperly disbursing the escrow funds to someone other than Plaintiffs in contravention of the Escrow Agreement.

71.

Defendants' improper disbursement of the escrow funds in contravention of Escrow Agreement was a wrongful act inconsistent with Plaintiffs' property rights.

72.

The escrow funds consisting of three hundred and fifty thousand dollars ($350,000.00) converted by Defendants consisted of monetary amounts that were specific, separated, and an individually identifiable fund that was set aside from other monetary amounts.

73.

Defendants' actions were deliberate and willful or done with such entire want of care as to raise the presumption of Defendants' conscious indifference to the rights of Plaintiffs. Accordingly, Plaintiffs are entitled to exemplary or punitive damages.

## COUNT V
### ATTORNEY'S FEES AND EXPENSES OF LITIGATION UNDER O.C.G.A. § 13-6-11

74.

Plaintiffs re-allege and incorporates by reference each of the preceding paragraphs as if fully stated herein.

75.

Defendants have acted in bad faith, been stubbornly litigious and caused Plaintiffs unnecessary trouble and expenses with respect to the matters raised in this Complaint.

76.

Plaintiffs therefore request that the Court order Defendants to pay all expenses associated with this litigation, including attorney's fees and costs, under O.C.G.A. § 13-6-11.

### DEMAND UNDER O.C.G.A. § 13-1-11

77.

Notice is provided that, if Defendants fail to pay the principal and interest accrued on the sums it owes Plaintiffs within ten days from Defendants' receipt of this Complaint, Plaintiffs shall be entitled to collect reasonable attorney's fees pursuant to O.C.G.A. § 13-1-11.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment and recovery and damages as follows:

(a) Plaintiffs be awarded judgment against Defendants for all compensatory, consequential, incidental, general, and other damages allowed by law;

(b) Plaintiffs be awarded actual attorney's fees and costs pursuant to O.C.G.A. § 13-6-11;

(c) Plaintiffs be awarded reasonable attorney's fees pursuant to O.C.G.A. § 13-1-11;

(d) Plaintiffs be awarded both prejudgment and post-judgment interest;

(e) Plaintiffs be awarded punitive and exemplary damages;

(f) Plaintiffs be awarded such additional damages, remedies, or relief as the Court may deem just and proper.

Respectfully submitted this 5th day of June, 2024.



/s/ David J. Hungeling
David J. Hungeling
Georgia State Bar No. 378417
Adam S. Rubenfield
Georgia State Bar No. 419033
1718 Peachtree Street NW, Suite 599
Atlanta, Georgia 30309
TEL (404) 574-2466
FAX (404) 574-2467
*david@hungelinglaw.com*
*adam@hungelinglaw.com*
**Attorneys for Plaintiff**